IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO VASQUEZ,<br><br>        Petitioner,<br><br>  v.<br><br>DAVID L. RUNNELS, Warden,<br><br>        Respondent.<br>_____ | No. C 05-4669 MMC (PR)<br><br>**ORDER TO SHOW CAUSE;**<br>**GRANTING LEAVE TO PROCEED**<br>**IN FORMA PAUPERIS**<br><br>(Docket No. 2) |

Petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has applied for leave to proceed in forma pauperis.

## BACKGROUND

In 2002, a jury in Alameda County Superior Court found petitioner guilty of second degree murder and attempted murder, and found an enhancement for use of a gun true. Petitioner was sentenced to terms of 15 years to live and 25 years to life in state prison. The California Court of Appeal affirmed, and the Supreme Court of California denied the petition for review. Therefore, petitioner filed petitions for a writ of habeas corpus at all three levels of the California courts, which petitions were denied.

## DISCUSSION

A. <u>Standard of Review</u>

A district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).  The court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.     Legal Claims

Petitioner claims that: (1) his confession was coerced, in violation of his Fifth Amendment rights; (2) the admission of his confession further violated his Fifth Amendment rights because his waiver of the right to remain silent and to have an attorney during police interrogation were not knowingly and intelligently made; (3) there was insufficient evidence to prove the charges of which he was convicted; (4) the introduction of evidence of prior domestic violence violated his due process right to a fair trial; (5) the admission of hearsay evidence violated his Sixth Amendment right to confrontation;[1] (6) one of the jurors was not qualified because she had problems understanding English, depriving him of his constitutional right to a jury trial; (7) he received ineffective assistance of counsel; (8) he received ineffective assistance of appellate counsel; and (9) the trial court's rejection of his challenge to the prosecutor's removal of two potential jurors violated the Equal Protection Clause.[2]  Liberally construed, these claims are cognizable.

//
//

---

[1]This claim combines claims 5 and 12 in the petition.

[2]This claim combines claims 9-11 in the petition.

**CONCLUSION**

In light of the foregoing, the Court orders as follows:

1. The Clerk of the Court shall serve by certified mail a copy of this order and the amended petition, along with all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within 60 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of his receipt of the answer.

3. In lieu of an answer, respondent may file, within 60 days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within 15 days of receipt of any opposition.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

5. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline which they seek to extend.

1      7.     In light of petitioner's lack of funds, the application to proceed in forma pauperis is GRANTED.

This order terminates Docket No. 2.

IT IS SO ORDERED.

DATED: March 30, 2006

                                 /s/ Maxine M. Chesney
                                 MAXINE M. CHESNEY
                                 United States District Judge